IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION           MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Regina London v. Ethicon, Inc., et al.*            Civil Action No. 2:13-cv-27275

### ORDER

Pending before the court is Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson's (collectively "Ethicon") Motion for Sanctions [Docket 6]. For the reasons stated below, Ethicon's Motion for Sanctions [Docket 6] is **DENIED**.

**I.  Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 70,000 cases currently pending, approximately 25,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 17, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* PTO # 17, *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327, entered Oct. 4, 2012, *available at*

http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). The parties jointly drafted the requirements for PTO # 17, and I entered it as applicable to every one of the thousands of cases in this MDL. The instant plaintiff, however, did not comply with PTO # 17 in that she wholly failed to submit a completed PPF. In fact, Ms. London died on November 6, 2011. Ethicon now moves for dismissal with prejudice and sanctions.

## II.     Discussion

Pursuant to PTO # 17, each plaintiff is required to submit a completed PPF within 60 days of filing a Short Form Complaint. (PTO # 17 ¶ 1b). The purpose of the PPF, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. To this end, PTO # 17 provided that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." (PTO # 17 ¶ 1i).

Here, the plaintiff—or, more accurately, the plaintiff's counsel—filed the plaintiff's complaint on October 29, 2013. Oddly, however, and apparently not known by her counsel, Ms. London had passed away nearly two years prior, on November 6, 2011. A plaintiff's capacity to sue is determined by the law of her domicile. Fed. R. Civ. P. 17(b)(1). Therefore, Ms. London, an Ohio domiciliary, could not have been a party to the action at the time of filing. *See Baker v. McKnight*, 447 N.E.2d 104, 106 (Ohio 1983) ("Because a party must actually or legally exist[,] 'one deceased cannot be a party to an action' . . . ."). As a result, Ms. London's complaint is a nullity. For this reason, even if I assume that Ms. London's claims survive by way of Ohio's survival statute, *see* Ohio Rev. Code Ann. § 2305.21, substitution of the plaintiff is not permissible

under Federal Rule of Civil Procedure 25. As one commentator explains, "[s]ubstitution is not possible if one who was named a party in fact died *before* the commencement of the action." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1951 (3d ed. 2001) (emphasis added) (gathering cases). Accordingly, the plaintiff's case is **DISMISSED**, and I **FIND** no reason to address the defendants' request for sanctions.

### III.   Conclusion

It is **ORDERED** that Ethicon's Motion for Sanctions [Docket 6] is **DENIED**. It is further **ORDERED** that the plaintiff's case is **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     June 26, 2015

                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE